## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JUDY GARCIA,** | * | **CIVIL ACTION NO.   15-2920** |
| **ANGEL GOENS, MONIQUE** | * | |
| **BARRILLEAUX, AND IVY FRANCIS, JR.** | | |
| | * | **SECTION " "** |
| **VERSUS** | * | |
| | * | |
| **ALLERGAN USA, INC.** | * | **MAGISTRATE DIV." "** |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>COMPLAINT</u>

**NOW INTO COURT**, through undersigned counsel, come Judy Garcia, Angel Goens, Monique Barrilleaux, and Ivy Francis, Jr., who aver as follows:

1.

Plaintiff, Judy Garcia, is a resident of Terrebonne Parish, State of Louisiana, residing at 2013 Bull Run Road, Schriever, Louisiana 70395.  Plaintiff, Angel Goens, the major child of Judy Garcia, is a resident of Lafourche Parish, State of Louisiana, residing at 102 Orange Street, Lockport, Louisiana 70374.  Plaintiff, Monique Barrilleaux, the major child of Judy Garcia, is a resident of St. Mary Parish, State of Louisiana, residing at 2300 Clements Street, Lot #8, Morgan City, Louisiana 70380.  Plaintiff, Ivy Francis, Jr., the major child of Judy Garcia, is a resident of Terrebonne Parish, State of Louisiana, residing at 400 Westside Blvd., Apt. #115, Houma, Louisiana 70360.

2.

Defendant is Allergan USA, Inc., a legal entity incorporated in the State of Delaware and authorized to do and doing business in the State of Louisiana, with its principal place of business in Irvine, California, and whose agent for service of process is Prentice-Hall Corporation System, Inc., 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129.

**Jurisdiction**

3.

This Court possesses subject matter jurisdiction of the claims advanced herein pursuant to 28 U.S.C. §1332, since the amount in controversy exceeds the sum or value of $75,000 and is between citizens of a different state.

**Venue**

4.

This cause of action seeks damages for injuries, which occurred in the Parish of Terrebonne, State of Louisiana.  Plaintiff, Judy Garcia, is a resident of Schriever, Louisiana, Parish of Terrebonne.  As such, venue is proper in this district pursuant to 28 USC §1391.

**Facts**

5.

The claims for relief of Plaintiffs arise from a defective LAP-BAND System manufactured by Defendant, Allergan USA, Inc.

6.

On or about May 20, 2011, Plaintiff, Judy Garcia, had a LAP-BAND surgery.

7.

Thereafter, Plaintiff, Judy Garcia, began to have symptoms that the LAP-BAND System was not working properly, including but not limited to weight gain, pain in her abdomen, and an elevated white blood cell count.

8.

On or about July 29, 2014, Plaintiff, Judy Garcia, went into Physician's Medical Center for a gastroscopy ("scope") to find the cause of her problems.

9.

During the scope, the doctor discovered that the lap band had disintegrated into pieces that lodged in various parts of Ms. Garcia's body, including her esophagus and abdomen.  The pieces of the lap band were removed, but Ms. Garcia had to be placed into an induced coma for nine days because of complications with the surgery.

10.

Plaintiff, Judy Garcia, moved to ICU after the nine days in the coma and remained there for another week, until she was moved to a room, where she remained for nearly two months, because of infection and pneumonia that developed as a result of the surgery to remove the lap band.

11.

After Plaintiff, Judy Garcia, awakened from her coma and was able to communicate, she was told by her doctor that the lap band had disintegrated, and that pieces of it had lodged in her esophagus and abdomen, which was causing her symptoms, and that he had never seen or heard

of a lap band disintegrating that way, nor had he ever been warned that the lap band could disintegrate in such a way.

13.

Plaintiff, Judy Garcia, continues to have pain and problems with her abdomen as a result of the defective lap band which disintegrated into her body.

13.

Plaintiff, Judy Garcia, has suffered serious injuries and damages that include, but are not limited to, significant medical bills, lost wages, mental pain and anguish, weight gain, and other health issues due to the defective LAP-BAND.

14.

Plaintiffs, Angel Goens, Monique Barrilleaux, and Ivy Francis, Jr., the children of Judy Garcia, have suffered damages associated with the loss of consortium of their mother as a direct result of the defective LAP-BAND.

**COUNT ONE- NEGLIGENCE**

15.

Defendant, Allergan USA, Inc., is now, and at all times mentioned in this complaint was, in the business of designing, manufacturing, constructing, assembling, inspecting, and selling various types of medical devices, including the LAP-BAND.

16.

Defendant, Allergan USA, Inc., at all times mentioned in this complaint, negligently and recklessly manufactured, designed, constructed, made, installed, assembled, sold, distributed, retailed and/or otherwise placed or caused to be placed into the stream of commerce a certain

product known as LAP-BAND System which Defendant knew, or through the exercise of reasonable care and diligence should have known, was dangerous and defective, and which Defendant further knew and/or in the exercise of reasonable diligence should have known lacked adequate and proper guards, protective devices and/or warnings which Defendant negligently and carelessly failed and refused to provide to Plaintiffs.

17.

Further, Defendant knew that such acts, conduct and/or omissions would, and in fact did, cause harm, damages and injuries to Plaintiffs and/or others, as a result of such defective and dangerous conditions, including but not limited to physical and mental pain and suffering, loss of wages, medical and pharmaceutical expenses, and increased health problems, which Plaintiffs shall continue to incur.

## COUNT TWO- MANUFACTURING DEFECT

18.

Defendant, Allergan, Inc., at all times mentioned in this complaint, while it may have intended to follow FDA requirements in the manufacture of the LAP-BAND System that was eventually surgically implanted into Judy Garcia, Allergan, Inc., defectively manufactured the subject LAP-BAND System by violating and/or deviating from the applicable FDA requirements in the manufacture of the LAP-BAND System that was eventually surgically implanted into Judy Garcia, resulting in a product that was dangerous and defective being placed into the stream of commerce and eventually causing injuries and damages to Plaintiffs herein.

19.

Allergan, Inc.'s manufacture of the LAP-BAND System that was eventually surgically implanted into Judy Garcia violated the FDA's current good manufacturing practice requirements.

## COUNT THREE-STRICT LIABILITY

20.

Defendants knew that such product would be used, and in fact was used, in a manner intended by the Defendant, and that as a result of the dangerous and defective condition of the product, as described hereinabove, a defect known by the Defendant to have existed or which in fact existed when it left the control of the Defendant, Plaintiffs were caused to suffer the injuries and damages alleged herein.

## COUNT FOUR-BREACH OF WARRANTY

21.

Defendant did implicitly and expressly warrant that such product as herein described would be merchantable and would serve the purpose intended and was safe and fit for its intended use and purpose, without endangering life or limb.  As a direct result of the defective and dangerous condition of such product, Plaintiffs sustained great injuries when Plaintiffs used such product in the manner intended, and as a direct result of such injuries and damages, Defendant breached such implied and express warranties, resulting in the damages and injuries herein alleged.

## COUNT FIVE-FAILURE TO WARN

### 22.

Defendant failed to warn Plaintiffs or Ms. Garcia's physician of the risk and danger associated with the product disintegrating and lodging throughout Ms. Garcia's body, and as a result of Defendant's failure to warn of the risk and danger of the product disintegrating, as described hereinabove, a risk of defect known by the Defendant to have existed or which in fact existed when it left the control of the Defendant, Plaintiffs were caused to suffer the injuries and damages alleged herein.

### JURY REQUEST

### 23.

Plaintiffs request a trial by jury.

**WHEREFORE**, the Plaintiffs pray that Defendant, Allergan, Inc., be duly cited and served with a copy of this Complaint and that, after due proceedings are had, there be judgment herein in their favor and against Defendant, Allergan, Inc., and for attorney's fees and costs of this suit, along with judicial interest on the full amount of the judgment from the date of the filing of this Complaint; for a trial by jury; and for all other just and equitable relief to which Plaintiffs are entitled.

**SCHEXNAYDRE LAW FIRM, LLC**

BY _David Schexnaydre_
DAVID J. SCHEXNAYDRE, T.A. (#21073)
2895 Highway 190, Suite 212
Mandeville, Louisiana 70471
Telephone: 985-292-2020
Email: david@schexnaydre.com

AND

KRISTI U. LOUQUE (#31845)
K. Louque Law Firm, LLC
2895 Highway 190, Suite 239
Mandeville, Louisiana  70471
Telephone:  985-727-0791
Email:  klouque@klouquelawfirm.com
Counsel for Plaintiffs